J-S76034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JAY V. YUNIK, | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellant | |
| | |
| v. | |
| | |
| RENEE YUNIK, | |
| | |
| Appellee | No. 1191 WDA 2014 |

Appeal from the Order Entered June 5, 2014
In the Court of Common Pleas of Crawford County
Civil Division at No(s): AD No. 2013-593

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                     **FILED DECEMBER 30, 2014**

Appellant, Jay Yunik, appeals *pro se* from the order entered on June 5, 2014, which sustained the preliminary objections filed by Renee Yunik and dismissed Appellant's "Writ of Replevin Without Bond" with prejudice. Specifically, Appellant claims that the trial court erred in denying his earlier "Motion for Disqualification of Judge."  We affirm.

The trial court explained some of the underlying facts of this case, as well as the related actions that Appellant instituted against Ms. Yunik:

> [O]n August 23, 2013, [Appellant] filed [the current] replevin action[fn.1] [seeking possession of] a 9.9 c.c. Yamaha boat motor (the "Boat Motor"). . . .  This is the sixth suit [Appellant] has filed for the possession of the Boat Motor while he remains incarcerated on an unrelated matter,[fn.2] and the fifth action against [Mr. Yunik]. . . .
>
> > [fn.1] [Appellant] styled his complaint as a "Writ of Replevin Without Bond," the former name for a

procedure available under former Pa.R.C.P. 1353 (rescinded). . . .

[fn.2] *See* Case No. CR 1000-1999, at which [Appellant] was sentenced on August 29, 2000 to [54] to [180] months [in prison].

Those prior proceedings and their ultimate dispositions are as follows:

[*Appellant*] *v.* [] *Dorothy L. Gol* [(Appellant's ex-wife)], Case No. 2006-1080: "Writ of Replevin" for . . . the Boat Motor, filed on July 26, 2006, and Complaint filed on December 22, 2006 [(no further proceedings)].

[*Appellant*] *v. Renee Yunik*, Case No. 2012-5: "Complaint in Replevin" for the Boat Motor, . . . filed on January 4, 2012; order terminating action [as a result of Appellant's] motion to discontinue, filed March 23, 2012.

[*Appellant*] *v. Renee Yunik*, Case No. 2012-1162: "Complaint in Bailment" for the Boat Motor, . . . filed on September 18, 2012; judgment of [*non pros*] entered [against Appellant] for failure to pay the filing fee.

[*Appellant*] *v. Renee Yunik*, Case No. 2013-98: "Complaint in Replevin" for the [Boat Motor], . . . filed on February 14, 2013; order sustaining [Ms. Yunik's] preliminary objections and dismissing [Appellant's] action, filed June 14, 2013.

[*Appellant*] *v. Renee Yunik*, Case No. 2013-433: "Complaint in Replevin Without Bond" for the [Boat Motor,] . . . filed on July 5, 2013; order denying permission to proceed *in forma pauperis* and dismissing the action as frivolous, filed on July 23, 2013. . . .

Trial Court Opinion, 6/5/14, at 1-2 (some internal footnotes omitted).

On August 23, 2013, Appellant filed the current action, which he titled "Writ of Replevin Without Bond." Within his pleading, Appellant again declared that Ms. Yunik was in wrongful possession of his $1,600.00 Boat

Motor; Appellant sought "recovery of the [Boat Motor] or [] damages of $1,600.00." Appellant's Writ of Replevin, 8/23/13, at 1-2.

Ms. Yunik filed preliminary objections to Appellant's pleading. However, before the trial court could rule on the preliminary objections, Appellant filed a "Motion for Disqualification of Judge," wherein Appellant claimed that the trial judge must recuse from the case because: 1) in an unrelated *habeas corpus* proceeding, the trial judge "illegally" transferred Appellant's *habeas corpus* petition from the civil division to the criminal division, and, 2) in the case at bar, the trial judge "inappropriately gave legal advice to [Ms. Yunik's] lawyer." Appellant's "Motion for Disqualification of Judge," 5/30/14, at 1-2.

On June 5, 2014, the trial court issued two orders in the case: first, the trial court denied Appellant's "Motion for Disqualification of Judge;" second, the trial court sustained Ms. Yunik's preliminary objections and dismissed Appellant's action with prejudice. Appellant filed a timely notice of appeal and now raises the following claims:

> [1.] Judge ruling on own motion for recusal is abuse of discretion.
>
> [2.] The judge's behavior during hearing was biased, improper and prejudicial toward [Appellant].
>
> [3.] Judge showed abuse of discretion and violation of law, by changing the jurisdiction of [Appellant's] case.
>
> [4.] Judge showed partiality in favor of [Ms. Yunik's] attorney in procedural matters.

[5.] The judge attempted to mislead this Court, and undermine Appellant, *via*, frivolous and malicious court orders.

Appellant's Brief at i.

All of Appellant's claims challenge the denial of his "Motion for Disqualification of Judge." As our Supreme Court has held:

> The standards for recusal are well established. It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent.

*Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998) (internal citation omitted).

At the outset, Appellant's first, second, and fifth numbered claims on appeal are waived, as Appellant did not include the claims in his recusal motion or raise the claims before the trial court. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

- 4 -

For Appellant's third and fourth numbered claims on appeal, Appellant contends that the trial court erred when it denied his recusal motion because the trial judge had previously "chang[ed] the jurisdiction of [Appellant's unrelated *habeas corpus*] case" and because the trial judge "showed partiality in favor of [Ms. Yunik's] attorney in procedural matters." Appellant's Brief at i. These claims are frivolous.

As the trial court explained, its prior actions were not the result of bias or prejudice against Appellant:

> [Appellant] base[d] his ["Motion for Disqualification of Judge"] first on the supposed reassignment of an unrelated *habeas corpus* action from the civil to the criminal court docket[. Appellant claims that the reassignment was done] for the sole purpose of dismissing that action. *Habeas corpus* proceedings [in Crawford County], although civil actions, are automatically assigned to the Miscellaneous Docket of the Clerk of Courts [], and not the civil division under the jurisdiction of the prothonotary. [Appellant's] action was accordingly filed initially on the Miscellaneous Docket, with no involvement by [the trial court], and has remained there throughout the proceedings.
>
> . . .
>
> [Appellant] also bases his motion on [the trial court], in its order dated May 9, 2014, having reminded [Ms. Yunik] to file a brief prior to the scheduled hearing on her preliminary objections. This [Appellant] deems to have been inappropriate legal advice. . . .
>
> [Ms. Yunik] had not (as of that date) filed her brief, as required by Rule 307(5)(c) of the Crawford County Rules of Civil Procedure. [Appellant], having filed his brief at the time he *praeciped* for argument, needed no reminder. Monitoring compliance with procedural rules is largely left to the courts, and a directive in that regard does not constitute an expression of partiality.

Trial Court Opinion, 6/5/14, at 1-2 (some internal capitalization omitted).

Based on the record, we conclude that the trial court did not abuse its discretion when it denied Appellant's frivolous "Motion for Disqualification of Judge." Appellant's claim to the contrary fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2014